NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FERMIN JOSEPH VASQUEZ,<br><br>Defendant-Appellee. | No. 22-30074<br><br>D.C. No.<br>1:21-cr-00066-SPW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 27, 2023
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,** District Judge.

The government appeals a district court order suppressing a rifle and other

evidence discovered during a *Terry* stop of Fermin Joseph Vasquez for lack of

reasonable suspicion. We review the district court's ruling de novo and its

underlying findings of fact for clear error. *United States v. Willy*, 40 F.4th 1074,

___

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

1079 (9th Cir. 2022).  We reverse and remand.

Terry v. Ohio permits a brief investigatory stop when "a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot."  392 U.S. 1, 30 (1968).  Vasquez's behavior—as observed by 911 callers and police officers—was sufficiently suspicious to justify a Terry stop.  The 911 callers, who identified themselves, reported that a man—later identified as Vasquez—was carrying a large firearm wrapped in a blanket over his shoulder.  They told police that Vasquez repeatedly peeked at the gun under the blanket and tried to adjust the blanket to further obscure the gun.  The callers reported that Vasquez attempted to dodge them, and wore a distinctive outfit—a black mechanic's jumpsuit and a red bandana that entirely obscured his face except for two small eyeholes.  When police approached Vasquez, they observed him doing exercise lunges and carrying a large, partially concealed gun over his shoulder.

The government argues that the officers had reasonable suspicion to detain Vasquez for a brief investigation because Montana law forbids possession of a concealed weapon while intoxicated.[1]  See Mont. Code Ann. § 45-8-327.  We

---

[1] We reject Vasquez's contention that the government forfeited this argument by failing to raise it to the district court.  Claims, not arguments, are forfeited.  See United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir. 2004).  We have declined to find forfeiture in similar contexts.  See, e.g., United States v. Mejia, 782

agree.  As the district court observed, "Vasquez'[s] behavior was peculiar, out-of-place, and possibly indicative of underlying issues such as intoxication."  The totality of the circumstances here meets the relatively low bar of reasonable suspicion.  *See United States v. Arvizu*, 534 U.S. 266, 274 (2002).

**REVERSED AND REMANDED.**

---

F. App'x 644, 645 (9th Cir. 2019); *United States v. Guzman-Padilla*, 573 F.3d 865, 877 n.1 (9th Cir. 2009).